IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LLOYD COOK,**  3:13-cv-01372- RE

Plaintiff,  **OPINION AND ORDER**

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

Defendant.

**REDDEN**, Judge:

Plaintiff Lloyd Cook brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

1 - OPINION AND ORDER

## BACKGROUND

Plaintiff filed his applications on December 30, 2008, alleging disability since March 1, 2008, due to "lower neck and upper spine injury." Tr. 419. Plaintiff was 43 years old at the time of application. He completed a general equivalency degree. His application was denied initially and upon reconsideration. A hearing was held on November 8, 2010. Tr. 64-84. The Administrative Law Judge ("ALJ") found him not disabled on November 18, 2010. Tr. 92-103. The Appeals Council granted Plaintiff's request for review, and remanded the case to the ALJ. Tr. 190-94. On April 24, 2012, a second hearing was held. Tr. 47-61. On May 24, 2012, the ALJ again found Plaintiff not disabled. Tr. 16-34. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Plaintiff had the medically determinable severe impairments of degenerative disk disease of the cervical spine, an anxiety disorder, a depressive disorder, and a personality disorder. Tr. 19.

The ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work but he was limited to not more than occasional overhead reaching, can never climb ladders, ropes or scaffolding and never crawl. He can occasionally stoop, crouch, or kneel. He must avoid unprotected heights and hazardous machinery, and is limited to simple, entry level positions with no interaction with the public. Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a user support specialist, an electronics mechanic, and as a sales engineer, but that there were jobs in significant numbers in the national economy that Plaintiff could perform such as small products assembler, hand packager, and sorter. Tr. 33-34.

Plaintiff contends that the ALJ erred by improperly weighing medical opinions and by finding him capable of work requiring specific reasoning levels. Because this matter must be remanded for consideration of the medical opinions, the court will not address Plaintiff's Step Five arguments.

## DISCUSSION

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual. *Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir. 2007). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. *Id.* (Treating physician); *Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). Even if one physician is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Orn,* 495 F.3d at 632; *Widmark,* 454 F.3d at 1066. The opinion of an nonexamining physician,

3 - OPINION AND ORDER

by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. *Widmark*, 454 F.3d at 1066 n. 2. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**I. Keli Dean, Psy.D.**

On August 5 and 11, 2011, Dr. Dean administered a psychological and achievement evaluation of Plaintiff at the request of Vocational Rehabilitation. Tr. 1703-16. Plaintiff "was unable to complete testing the first day because his pain and fatigue became so significant." Tr. 1706. Dr. Dean administered the Wechsler Adult Intelligence Scale, the Woodcock Johnson Tests of Achievement, Color Trails 1 & 2, Stroop Color and Word Test, and a Personality Assessment Inventory.

Dr. Dean's diagnostic impressions were Learning Disorder, NOS, Panic Disorder without Agoraphobia, Generalized Anxiety Disorder, and Major Depression, Recurrent, Moderate. She assessed a GAF of 50. Tr. 1713.

Dr. Dean concluded:

> In terms of employment, Mr. Cook has strong nonverbal intellectual abilities, which suggests he has the potential to be successful in fields involving the use of visual spatial skills. His former field of experience was a good fit for his cognitive strengths and if his medical, pain and mental health symptoms were addressed he would easily be successful in this field again. At this time, however, Mr. Cook reports his pain, fatigue, and anxiety are so significant that he cannot return to his previous job. He evidenced poor stamina during testing, although, he tried hard to persist. He was notably fatigued, appeared to be distracted by pain, and his mood was quite despondent. Mr. Cook is overwhelmed by the large number of stressors and losses in his life, and seems to have difficulty planning for his future. If he is released for employment by his medical provider, in the future, Mr. Cook will likely need quite a bit of support, particularly early in the

> employment planning process....He will also require ongoing mental health support as his mental health symptoms are a barrier to employment. Mr. Cook will require accommodations in his work environment, such as increased time to complete tasks. He will also require more frequent breaks to manage his fatigue related to his pain and depression. In addition, accommodations for his learning disorder will be important.... he will require more time for reading tasks. In addition, he will need spell check software for all writing tasks, and more time to complete writing tasks.

Tr. 1714.

Dr. Dean recommended the use of a job coach for training, and that Plaintiff be allowed to move frequently during the workday and frequent breaks to reduce his fatigue. Tr. 1715.

Dr. Dean's report was delivered to Vocational Rehabilitation Services, and in December 2011, Vocational Rehabilitation terminated Plaintiff's case stating that "[a]t this point retraining is next to impossible due to physical limitations and what the morphine is doing to his critical thinking. I am closing the file as to [sic] severely disabled to benefit from services." Tr. 566.

The Vocational Expert testified that a person who required a job coach to enter the job market would be unable to obtain competitive employment. Tr. 61.

The ALJ noted Dr. Dean's diagnoses, and that Plaintiff "reported a level of depressive symptomatology and somatic concerns that were unusual even in clinical samples." Tr. 26. The ALJ noted Plaintiff "reported [to Dr. Dean] he overused his pain medications in 2005, however, contrary to Ms. Brigg's extensive treatment notes, he denied having overtaken his pain medications since that time." *Id.* The ALJ did not specify what weight, if any, he gave to Dr. Dean's assessment.

Plaintiff contends that Dr. Dean's recommendation of a job coach is "significant probative evidence" which cannot be rejected without explanation, citing *Vincent v. Heckler,*

5 - OPINION AND ORDER

739 F.2d 1393, 1394-95 (9th Cir. 1984). If credited, Dr. Dean's recommendation of a job coach is disabling, and it is therefore significant and probative. The ALJ erred by rejecting Dr. Dean's opinion without specific and legitimate reasons. The ALJ's assessment of Dr. Dean's opinion is not supported by substantial evidence.

## II. Christopher K. Tongue, Ph.D.

Dr. Tongue conducted a neuropsychoogical screening examination of Cook on January 26, 2012. Tr. 1717-25. Dr. Tongue conducted a clinical interview, reviewed records and applied the Wechsler Adult Intelligence Scale-IV; Wide Range Assessment of Memory and Learning-2; Grooved Pegboard Test; Boston Naming Test; Delis Kaplan Executive Function System, Trail Making Test, Conditions 1-5; Delis Kaplan Executive Function System, Verbal Fluency Test; Delis Kaplan Executive Function System, Color/Word Interference Test; Wisconsin Card Sorting Test, Computer Version IV; Personality Assessment Inventory; and Test of Memory Malingering. Tr. 1717.

Dr. Tongue diagnosed Learning Disorder NOS; Major Depressive Disorder, recurrent severe; and Generalized Anxiety Disorder, and assessed a GAF of 50. Dr. Tongue noted "some deficits in the domain of executive functioning, i.e. his capacity for maintenance and regulation of attentional processes and tasks which require divided attention and combining mental operations." Tr. 1724. Dr. Tongue opined that "his experience of pain and circumscribed activities of daily living suggest that his capacity for maintaining the concentration, persistence and pace necessary for work is poor." *Id.* He recommended continued psychotherapy and referral to a pain clinic.

The ALJ noted Dr. Tongue's opinion. Tr. 26. He stated:

6 - OPINION AND ORDER

> I give only some weight Dr. Tongue's opinion, because the record
> does not support finding the claimant's ability to maintain concentration,
> persistence or pace is poor. For example, the claimant reported to Dr.
> Tongue he managed his mother's finances, which is highly incon-
> sistent with a finding of poor concentration, persistence and pace. I
> find the claimant is unable to engage in complex tasks, however, the
> record as a whole supports finding his concentration, persistence
> and pace is sufficient that he is capable of engaging in simple entry
> level work. This is supported by his own admissions that he believed
> he could perform minimum wage work, but it was not worth losing
> his public benefits for such work.

Tr. 27.

Contrary to the ALJ's conclusion, that the claimant manages his mother's finances does not establish an ability to maintain concentration, persistence or pace. Nor is Plaintiff's comment to his mental health counselor that he was looking for work but concerned about the impact on his state benefits. The ALJ relied on two isolated reports to treating or examining doctors in a record exceeding 1700 pages. This mere scintilla of evidence is inadequate to justify disregarding the opinion of an expert medical examiner after administering a battery of objective tests. The ALJ's assessment of Dr. Tongue's opinion is not supported by substantial evidence.

The ALJ failed to identify specific and legitimate or clear and convincing reasons to reject Dr. Tongue's opinion.

### III. Bill Hennings, Ph.D.

Dr. Hennings reviewed Plaintiff's records. Tr. 741-43. Dr. Hennings found Plaintiff was capable of understanding, remembering, and carrying out one to two step instructions, but was not capable of consistently carrying out three or more step instructions. Tr. 743. Dr. Hennings opinion was affirmed by Joshua J. Boyd, Psy. D. Tr. 816.

7 - OPINION AND ORDER

The ALJ gave these opinions "great weight, because they are consistent with the claimant's WPCD counseling notes found in exhibit 26F and 47F, that show the claimant struggles with symptoms of depression and anxiety, which limit him to simple entry level work with no public interaction." Tr. 27. The ALJ found Plaintiff retained the RFC to perform "simple entry level work." Tr. 20.

The limitation to "'1-2 step instructions' in Plaintiff's RFC is distinct from the more general limitation to 'simple,' 'routine,' or 'repetitive' tasks. *Trujillo v. Colvin*, No. 3:13-cv-00620-SI (D. Or. May 27, 2014). The ALJ's determination "simple entry level work" is the same as a limitation ot "1-2 step instructions" is not supported by substantial evidence.

## IV. Remand for Further Proceedings

The ALJ's rejection of the medical opinions is not supported by substantial evidence.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order

IT IS SO ORDERED.

Dated this 2nd day of September, 2014.

JAMES A. REDDEN
United States District Judge

8 - OPINION AND ORDER